FILED
CLERK
3:11 pm, Feb 12, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KASHON SQUIRE, 23-B-0588,

                        Plaintiff,

    -against-

SUFFOLK COUNTY, SUFFOLK COUNTY POLICE,
SHAQUAISUR BROOKS, BUMPER FAMILY,
MATTHEW CORR, and 801 CORKET HILL ROAD,

                        Defendants.
-------------------------------------------------------------------X

**ORDER**
23-CV-7654(JMA)(ST)

**AZRACK, District Judge:**

       By Dismissal Order dated January 5, 2024, the Court dismissed the *pro se* complaint filed by incarcerated *pro se* plaintiff Kashon Squire ("Plaintiff") without prejudice pursuant to Federal Rule 41(b) for failure to prosecute. (*See* Jan. 5, 2024 Order.) Plaintiff had failed to respond to the Court's directives to either remit the filing fee or to complete and return the enclosed application to proceed *in forma pauperis* ("IFP") and Prisoner Litigation Authorization form ("PLA"). (*See* ECF No. 3; Dec. 15, 2023 Order.) After Judgment was entered on January 8, 2024 (ECF No. 7), on January 19, 2024, the Court received Plaintiff's IFP application and PLA, along with an application for the appointment of *pro bono* counsel, each dated January 12, 2023. (ECF Nos. 8-10.) Apart from his late filing, Plaintiff did not provide any financial information and his only response on the form is "N/A" to question 4 which asks for the amounts and locations of cash he and his spouse have. (ECF No. 9 ¶ 4.) The only other question he answered is number 9, where he checked the box to indicate that he does not expect any changes to his income or expenses in the next 12 months. (*Id.* ¶ 9.) Thus, Plaintiff has not established that he is qualified to commence this action without prepayment of the filing fee and the IFP application (ECF No. 9) is denied. Given that this case is closed, the application for appointment of counsel (ECF No. 8) is denied.

The Court has also reviewed the complaint in an abundance of caution and as it must when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" (28 U.S.C. § 1915A(a)) and finds that Plaintiff has not set forth a cognizable claim. The sparse complaint is submitted on a form for actions brought pursuant to 42 U.S.C. § 1983 and is incomprehensible. Plaintiff alleges that, in 2013, 2016, and 2018,[1] Plaintiff was "set up" and appears to challenge his conviction and sentence and seeks "full custody of my kids." (ECF 1 at II.) Plaintiff does not include any factual allegations of conduct attributable to any of the defendants.

Although Plaintiff's complaint is construed with "special solicitude" and interpreted to raise the "strongest arguments that it suggest[s]", *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006), he must plead facts sufficient to "state a claim to relief that is plausible on its face." *Williams v. Bronx County Child Support Customer Serv. Unit.*, 741 F. App'x 854, 855 (2d Cir. 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As is readily apparent, Plaintiff has not pled sufficient factual information such that the court could draw the reasonable inference that any of the defendants are liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] In New York, the statute of limitations for Section 1983 claims is New York's general statute of limitations for personal injury actions, N.Y. C.P.L.R. § 214(5), which is three years. *See Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) (citing *Owens v. Okure*, 488 U.S. 235, 250-51 (1989)).

2

      The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address in an envelope marked "LEGAL MAIL" and note such mailing on the docket.

**SO ORDERED.**                                                             (/s/ JMA)
                                                                                                                   Joan M. Azrack
Dated:  February 12, 2024                            United States District Judge
         Central Islip, New York